IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**GIOVANNI RIVERA-DIAZ, et al.,**

    **Plaintiffs,**

    v.

**HUMANA HEALTH PLANS OF PUERTO RICO, INC., et al.,**

    **Defendants.**

**Civil No. 12-1732 (GAG)**

**Opinion and Order**

    Giovanni Rivera-Díaz ("Rivera-Díaz"), his wife, Ingrid Bazán Guzmán ("Bazán Guzmán"), and the conjugal partnership composed between them[1] filed a complaint against Caribbean Temporary Services ("CTS"), Humana Health Plans of P.R., Inc. ("Humana"), and Solciré Cardona ("Cardona") in her personal capacity, alleging discrimination on the basis of disability and retaliation. The action is brought pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.*; the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a, 1983, and 1988; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and the Constitution of the United States of America. Plaintiff also invokes this court's supplemental jurisdiction to adjudicate claims pursuant to the Constitution of the Commonwealth of Puerto Rico; Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. LAWS ANN. tit. 29, §§ 146 *et seq.*; and Puerto Rico Act No. 80 of May 30, 1976 ("Law 80"), P.R. LAWS ANN. tit. 29, §§ 185a *et seq.*

    **I.**    **Legal Standard**

    "The general rules of pleading require a short and plain statement of the claim showing that

---

[1] Bazán Guzmán's claims are derivative of Rivera-Díaz's, therefore, the court will treat the matter as if Rivera-Díaz were the sole plaintiff in the case.

**Civil No. 12-1732 (GAG)**                                        2

the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## II. Factual and Procedural Background

CTS recruited Rivera-Díaz to work at Humana. (See Docket No. 1 at 6.) Rivera-Díaz worked at Humana from August 4, 2011 until September 16, 2011. (Id. at 5, 12.) Rivera-Díaz alleges he suffers from diabetes, schizophrenia, bipolar disorder, and depression and is, therefore, disabled. (Id. at 5, 13.) Rivera-Díaz further alleges that Cardona, his supervisor at Humana, discriminated and retaliated against him because he is disabled, calling him "El Zorillo" ("the skunk") and comparing him to a character in an Amp energy drink commercial. (Id. at 8-10.) Rivera-Díaz responded that he does not think he looks like the character. (See Docket No. 18-1 at 5.) He also requested an accommodation to use the bathroom and smoke during his coffee breaks. (Id.) Cardona administered an exam to all newly trained employees in September 2011. (See Docket

**Civil No. 12-1732 (GAG)**                                3

No. 1 at 6, 9.) Rivera-Díaz, who studied for the exam but did not pass, alleges that non-disabled employees were given the answers to the exam in advance. (Id. at 10.) However, another employee, who had sought help from Rivera-Díaz on work-related matters, passed the exam. (Id. at 11.) Rivera-Díaz claims other employees did not receive their results until the week after the exam was given, but he was fired the day of the exam without being told about his failing score. (Id. at 12.) Rivera-Díaz contends that he was qualified for his job because he was able to answer his coworker's job-related questions and he almost passed the exam, even though he took it without an accommodation. (Id. at 10.)

On September 29, 2011, Rivera-Díaz filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination. (Id. at 4.) The EEOC sent Rivera-Díaz a notice of his right to sue on April 17, 2012. (Id. at 4.) Rivera-Díaz filed a second complaint with the EEOC on June 16, 2012, alleging both disability discrimination and retaliation. (Id. at 4.) The EEOC sent Rivera-Díaz a second notice of his right to sue on August 14, 2012. (Id. 17-19.) Rivera-Díaz attached a lengthy description of Cardona's discrimination and retaliation to his first EEOC complaint. (See Docket No. 18-1 at 5-6.) In his second EEOC complaint Rivera-Díaz only referenced continuing discrimination and retaliation that continued until he was dismissed on September 16, 2011. (Docket No. 18-3 at 3-4.) Although Rivera-Díaz does not make this clear in his pleadings, the court understands that because Rivera-Díaz had already been dismissed before he filed the first EEOC complaint, both EEOC complaints refer to the same discriminatory and retaliatory conduct. Rivera-Díaz filed the present suit on September 6, 2012.

### III.    Failure to Exhaust Administrative Remedies

#### A.    Disability Discrimination

The ADA requires that plaintiffs exhaust the administrative remedies provided in Title VII of the Civil Rights Act of 1964 as a condition precedent to filing suit. Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277-78 (1st Cir. 1999). "This omission, if unexcused, bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirement is a

**Civil No. 12-1732 (GAG)**                            4

prerequisite to the commencement of suit." Id. at 278. Exhaustion of administrative remedies in employment discrimination cases has two components. First, the employee must file a charge with the EEOC within a short period of time. Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005). In Puerto Rico, the employee must file a complaint with the EEOC or Puerto Rico's Anti-Discrimination Unit ("ADU") within 300 days from the alleged discrimination. See 42 U.S.C.A. § 2000e *et seq.* (2012); Bonilla, 194 F.3d at 278 n.4; Cintrón-Garcia v. Supermercados Econo, 818 F. Supp. 2d 500, 506-07 (D.P.R. 2011). Second, the employee must file suit within 90 days of receiving a right-to-sue letter from the EEOC. Jorge, 404 F.3d at 564. "An employee who fails to file a complaint in federal court within 90 days of receipt of a right-to-sue letter is barred from ever bringing a federal claim related to that EEOC charge even if a subsequent EEOC charge and right-to-sue letter reference the earlier acts." Cintrón-Garcia, 818 F. Supp. 2d at 507-08; see also Brown v. Mead, 646 F.2d 1163, 1164 (6th Cir. 1981) (holding "a plaintiff in a Title VII action, who received two successive, facially valid right-to-sue notices from the [EEOC], but who did not commence a suit in a district court within ninety days of receipt of the first notice, is precluded from proceeding under the second notice.").

Although Rivera-Díaz filed a second complaint with the EEOC and received a second right-to-sue letter, these referenced the same discrimination as the first complaint and right-to-sue letter. He is therefore precluded from proceeding with his disability discrimination claim under the second letter. The first EEOC complaint, filed after Rivera-Díaz was dismissed, contained a detailed outline with each alleged discriminatory act that he allegedly suffered while he was employed at Humana. The second EEOC complaint only referenced continuing discrimination and retaliation before Rivera-Díaz's dismissal. There were no new allegations of discrimination in the second EEOC complaint because Humana had already dismissed Rivera-Díaz before either complaint was filed; the second EEOC complaint only contained a new allegation of retaliation. Rivera-Díaz failed to exhaust administrative remedies regarding his disability discrimination claim because he failed to file suit within 90 days of receiving the first right-to-sue letter and is precluded from suing under the

**Civil No. 12-1732 (GAG)**                                    5

second right-to-sue letter. Rivera-Díaz received his first right-to-sue letter on April 17, 2012. He had until July 15, 2012 to file suit based on the right-to-sue letter but did not file until September 6, 2012, well after the 90 day period had elapsed.

Due to Rivera-Díaz's failure to timely file his complaint within 90 days of receiving his first right-to-sue letter, the court **DISMISSES** his claim.

### B.  Retaliation

An employee has 300 days from the date of the employment action to file an EEOC complaint in "deferral jurisdictions," where the EEOC has granted a designated state or local agency with authority to hear the employee's claim. See 42 U.S.C. § 2000e(5)(e)(1); Bonilla, 194 F.3d at 278. If the state or local agency has no jurisdiction over the employee's claims, then the employee must file a complaint with the EEOC within 180 days. See 42 U.S.C. § 2000e(5)(e)(1); Bonilla, 194 F.3d at 278. Although Puerto Rico is a deferral jurisdiction, the ADU does not have jurisdiction over claims of retaliation under Title VII. Rodríguez Velázquez v. Autoridad Metropolitana de Autobuses, 502 F. Supp. 2d 200, 208 (D.P.R. 2007); Alvarez v. Delta Airlines, 319 F. Supp. 2d 240, 249 (D.P.R. 2004).

Rivera-Díaz was therefore required to file a complaint with the EEOC within 180 days of the alleged retaliation. 42 U.S.C. § 2000e-5(e)(1); Rodríguez Velázquez, 502 F. Supp. 2d at 208. However, he filed the EEOC complaint alleging retaliation on June 21, 2012, 279 days after the last alleged retaliatory act occurred on September 16, 2011. Plaintiff is therefore precluded from pursuing his retaliation claim because he did not file a timely complaint with the EEOC. Even if the retaliation claim were within the scope of Rivera-Díaz's first EEOC complaint, he would be precluded from pursuing his retaliation claim for the same reason that he is precluded from pursuing his discrimination claim: he did not file suit within 90 days of receiving his first right-to-sue letter. Therefore, Plaintiff's retaliation claim is likewise **DISMISSED**.

### IV.  State Law Claims

"As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice

**Civil No. 12-1732 (GAG)**                    6

of any supplemental state-law claims." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). In cases where the federal claims are dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity– will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. The use of supplemental jurisdiction in these circumstances is completely discretionary, and is determined on a case-by-case basis. Id.

As all of the federal claims by Rivera-Díaz have been dismissed, the court, in its discretion, **DISMISSES** without prejudice all state law claims brought by Rivera-Díaz.

### V.     Conclusion

Therefore, the court **GRANTS** Defendants' motions to dismiss at Docket Nos. 18 and 20.


**SO ORDERED**

In San Juan, Puerto Rico this 7th day of February, 2013.


S/Gustavo A. Gelpí

GUSTAVO A. GELPÍ

United States District Judge