IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**GIOVANNI RIVERA-DIAZ, et al.,**

  Plaintiffs,

  v.

**HUMANA HEALTH PLANS OF PUERTO RICO, INC., et al.,**

  Defendants.

Civil No. 12-1732 (GAG)

**Opinion and Order**

Giovanni Rivera-Díaz ("Rivera-Díaz"), his wife, Ingrid Bazán Guzmán ("Bazán Guzmán"), and the conjugal partnership composed between them[1] filed a complaint against Caribbean Temporary Services ("CTS"), Humana Health Plans of P.R., Inc. ("Humana"), and Solciré Cardona ("Cardona") in her personal capacity, alleging discrimination on the basis of disability and retaliation. The action is brought pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.*; the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a, 1983, and 1988; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and the Constitution of the United States of America. Plaintiff also invokes this court's supplemental jurisdiction to adjudicate claims pursuant to the Constitution of the Commonwealth of Puerto Rico; Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. LAWS ANN. tit. 29, §§ 146 *et seq.*; and Puerto Rico Act No. 80 of May 30, 1976 ("Law 80"), P.R. LAWS ANN. tit. 29, §§ 185a *et seq.*

The court issued an Opinion and Order dismissing Rivera-Diaz's claims for failure to state a claim upon which relief may be grated (Docket No. 31). Rivera-Diaz now seeks reconsideration of said order alleging the court erred by not applying equitable tolling and by not interpreting Rivera-

---

[1] Bazán Guzmán's claims are derivative of Rivera-Díaz's, therefore, the court will treat the matter as if Rivera-Díaz were the sole plaintiff in the case.

**Civil No. 12-1732 (GAG)**                             2

Diaz's second EEOC filing as an administrative reconsideration request.  The court **DENIES** Rivera-Diaz's motion for reconsideration.

### I.     Standard of Review

Motions for reconsideration are generally considered under FED. R. CIV. P. 59 or 60, depending on the time such motion is served.  Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993).  Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F.Supp. 2d 320, 322 (D.P.R. 2005).  These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law.  See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D .P.R. 1998)). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc ., 899 F.2d 119, 123 (1st Cir. 1990).

### II.    Discussion

In his opposition to Defendants motion to dismiss, Rivera-Diaz did not argue that equitable tolling applied to his claims or that his second EEOC complaint should be considered a reconsideration order to his original EEOC complaint.  Rivera-Diaz merely argued his claims were timely because he filed his judicial complaint within ninety days of receiving the second right to sue letter.  Therefore, Rivera-Diaz attempts to make these arguments for the first time in a motion for reconsideration.  "It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." Cochran v. Quest Software Inc., 328 F.3d 1, 11 (1st Cir. 2003) (holding district court did not abuse discretion in refusing to reconsider its decision based on novel arguments).  It is for this reason the court **DENIES** Rivera-Diaz's motion for reconsideration.

### III.   Conclusion

**Civil No. 12-1732 (GAG)** 3

Pursuant to the opinion and analysis above, the court **DENIES** Rivera-Diaz's motion for reconsideration.

**SO ORDERED.**

In San Juan, Puerto Rico this 5th day of March 2013.

*s*/Gustavo A. Gelpí

GUSTAVO A. GELPI
United States District Judge